[Cite as *State v. Meads*, 2026-Ohio-1241.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

NICHOLAS MEADS,

    DEFENDANT-APPELLANT.

CASE NO. 9-25-17

OPINION AND
JUDGMENT ENTRY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

NICHOLAS MEADS,

    DEFENDANT-APPELLANT.

CASE NO. 9-25-18

OPINION AND
JUDGMENT ENTRY

Appeals from Marion Municipal Court
Trial Court Nos. CRB1900554 and CRB1901939

**Judgments Reversed**

Date of Decision:  April 6, 2026

APPEARANCES:

    *Darren L. Meade* and *Marcus A. Ross* for Appellant

    *Jeff Ratliff* for Appellee

**WILLAMOWSKI, J.**

{¶1} Appellant Nicholas Meads ("Meads") brings these appeals from judgments of the Marion Municipal Court denying his petition to have his prior criminal record expunged. On appeal Meads claims that the judgments are against the weight of the evidence because the trial court did not properly weigh the evidence. For the reasons set forth below, the judgments are reversed.

{¶2} In March 2019, Meads was charged with one count of domestic violence in violation of R.C. 2919.25, a misdemeanor of the first degree. As a result of that charge, the victim was granted a civil protection order. Subsequently, Meads allegedly violated that order and was charged with a violation of that order, a violation of R.C. 2919.27, a misdemeanor of the first degree. On July 16, 2019, the domestic violence charge was dismissed without prejudice for a "lack of substantial credible evidence to support the State's burden of proof." Later, the State entered into a plea agreement in a third case[1], where the State agreed to dismiss the civil protection order violation if Meads agreed to plead no contest in the other case. Thus, on September 25, 2019, that charge was dismissed without prejudice.

{¶3} On April 21, 2025, Meads filed an application to seal the criminal record of these charges, along with the conviction in a third case. A hearing was held on June 11, 2025. Meads, who lived out of state at the time of the hearing,

---

[1] The other case was a disorderly conduct charge that is a companion case on appeal and is assigned case number 9-25-19.

attended remotely. At the hearing, the State took no position on the motion. However, the victim of the disorderly conduct, Meads' former girlfriend and the mother of his child, objected to the expungement of the disorderly conduct conviction and the sealing of the dismissed domestic violence charge and violation of a CPO charge, and made a statement. At the end of the hearing, the trial court denied the motion to seal the dismissed charges. Meads appealed and raised the following assignment of error on appeal.

> **The trial court abused its discretion when it denied [Meads'] motion for expungement[2] because the [trial court] did not properly weigh the competing interests involved and the [trial court's decision is not supported by the record.**

{¶4} The determination whether to seal records after a not guilty finding, a dismissal of proceedings, a grand jury no bill, or a pardon is governed by R.C. 2953.33. This statute provides that any person named in a complaint which has been dismissed may apply to the court for an order to seal the records at any time after the entry is filed. R.C. 2953.33(A)(1).

> (B)(1) Upon the filing of an application pursuant to division (A) of this section, the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. . . . The prosecutor may object to the granting of the application by filing a written objection with the court not later than thirty days prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons the prosecutor believes justify a denial of the application.

---

[2] Initially Meads filed a motion to seal the records in all three cases. At the hearing, Meads moved to amend the motion to request an expungement of the disorderly conduct record (9-25-19). The domestic violence record (9-25-17) and the protection order violation record (9-25-18) are not subject to expungement, but may be sealed. R.C. 2953.33(C)(1). Thus, the motion in regards to the cases in this appeal deal with the sealing of the records.

(2) The court shall do each of the following, . . .

(a)(i) Determine whether . . . the complaint, indictment, or information in the case was dismissed, . . . ;

(ii) If the complaint, indictment, or information in the case was dismissed, determine whether it was dismissed with prejudice or without prejudice and, if it was dismissed without prejudice, determine whether the relevant statute of limitations has expired.

(b) Determine whether criminal proceedings are pending against the person;

(c) If the prosecutor has filed an objection in accordance with (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

. . .

(e) Weigh the interests of the person in having the official records pertaining to the case sealed or expunged, as applicable, against the legitimate needs, if any, of the government to maintain those records.

R.C. 2953.33(B). Once the trial court has determined that the case was dismissed, any appealable statute of limitations has expired, and the defendant has no pending criminal proceedings, the trial court will grant the motion to seal the records as long as the interests of the person in getting the records sealed are not outweighed by a legitimate governmental need to retain such records. R.C. 2953.33(B)(3) and (4). Unlike cases in which a conviction is obtained, the statements of victims are not one of the considerations for determining the government's need for the records to be retained.

{¶5} Here, the trial court stated that it was considering the motion pursuant to R.C. 2953.32. The trial court should have been using R.C. 2953.33 for these dismissed charges. It did not address the distinctions between sealing or expunging records for which a conviction was obtained and ones where no conviction was obtained. The trial court considered the statements of the victim to the dismissed charges when ruling on the motion to seal the records despite this not being one of the factors to be considered when no conviction is obtained. Pursuant to R.C. 2953.33, the trial court should only have considered the information provided by the movant and the objections raised by the State, of which there were none. In its judgment entry, the trial court referred to the wrong statute and noted that it had considered the victim's statements in making a determination – a factor not permitted under R.C. 2953.33. Thus the judgments in these cases are contrary to law. For this reason, the assignment of error is sustained.

Having found error prejudicial to the appellant in the particulars assigned and argued, the judgments of the Marion Municipal Court are reversed and the matter is remanded for further proceedings.

*Judgment Reversed*
*And Cause Remanded*

**ZIMMERMAN, P.J. and MILLER, J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is sustained and it is the judgment and order of this Court that the judgments of the trial court are reversed with costs assessed to Appellee for which judgment is hereby rendered. The causes are hereby remanded to the trial court for further proceedings and for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

John R. Willamowski, Judge

William R. Zimmerman, Judge

Mark C. Miller, Judge

DATED:
/hls